37545, 37557. OLSEN & COMPANY, INC. *v.* LUNSFORD; and *vice versa.*

216

*Ben J. Camp, A. Tate Conyers,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Arthur B. L. Martin, H. A. Stephens, Jr.,* contra.

Townsend, Judge. ■ Error is assigned on the following excerpt from the charge: "If you find that there occurred such an extraordinary and unforeseen freshet or downpour of rain as could not have been in the contemplation of defendant at the

time he accomplished the tortious acts, if you find that he did in fact accomplish such acts, then no recovery can be had, if you find that the loss and damage to plaintiff resulted proximately from such freshet and rain alone." The plaintiff in error contends that the court here confuses the rule of liability in tort with that in contract, this case having been held on demurrer to sound in tort. In an action on a contract those damages are recoverable which may reasonably be considered to have been within the contemplation of the parties, while in tort the wrongdoer is liable for all consequences which naturally and proximately follow from his wrongful act, and it is immaterial that such damages were not within the contemplation of the parties at the time the contract was made. *Carr & Co.* v. *Southern Ry. Co.*, 12 *Ga. App.* 830 (79 S. E. 41). The charge here is not approved.

Standing alone and without construing it in connection with other portions of the charge relating to negligence, it would constitute error. The court charged the jury that if they should find that the defendant's faulty construction and maintenance of sewerage and drainage on adjoining property after the plaintiff occupied the premises under the lease produced the damage the plaintiff complained of, "then plaintiff would be entitled to recover for any damage proximately caused in such manner and by such means." He also charged that "only those occurrences which might reasonably be expected from the acts of this defendant should be considered." When the excerpt complained of is construed with the charge as a whole, it exempts the defendant from liability only if in the doing of the act complained of he *could* not reasonably contemplate, or anticipate, the result which occurred. The real question in tort cases is whether the defendant, in the exercise of ordinary care, should have reasonably anticipated that some injury would occur as a result of his act, but not that the particular injury would occur or the particular person be injured. If an injurious consequence might and should have been foreseen by the wrongdoer as likely to result from his act under the surrounding circumstances he will be liable; otherwise, not. *Wright* v. *Southern Ry. Co.*, 62 *Ga. App.* 316 (7 S. E. 2d 793); *Williams* v. *Grier*, 196 *Ga.* 327 (26 S. E.

2d 698); *Stallings* v. *Georgia Power Co.*, 67 *Ga. App.* 435 (20 S. E. 2d 776); *Whitaker* v. *Jones, McDougald, Smith, Pew Co.*, 69 *Ga. App.* 711 (26 S. E. 2d 545). The charge as given means in effect that if the injury resulted from such an unusual, extraordinary and unforeseeable downpour of rain as the defendant could not have anticipated, and if the damage resulted only from the unforeseeable freshet without negligence on the part of the defendant entering into it, the defendant would not be liable. Close examination of this part of the charge together with the entire charge on negligence leads to the conclusion that the jury could not otherwise have understood the language. Accordingly, this special ground fails to show reversible error.

■ Special ground 2 assigns error on the admission into evidence of a plat of the defendant's property showing the location of the catch basin on the ground that "it hasn't been shown by competent evidence to properly represent what it does; he doesn't show that he made the plat; he doesn't show that he's checked the metes and bounds." The error is contended to be harmful because the plat shows the catch basin not to be on the defendant's property, whereas it is contended that the deed introduced by the defendant without objection, together with other evidence, shows that the catch basin was, at least partly, on the defendant's property. As we understand the law of the case as laid down when the record was here on a judgment relating to the demurrers, it is that the only actionable negligence alleged was the faulty construction and maintenance by the defendant of the catch basin on property adjacent to that leased by the plaintiff. Under the evidence this narrowed the issue to the question of whether the act of the defendant in placing a certain grate over the basin (it being undisputed that the defendant did so) was negligence which proximately caused the plaintiff's injuries. It would follow from this that whether the easement, on the farther edge of which the catch basin was located, was a part of the *property deeded* to the defendant or was only a *deeded use* to the defendant would be immaterial, and no harm would result from the admission of such plat. Since, however, the property is described in the deed by reference to the plat, and since the defendant testified positively from his

own knowledge and without objection to the substantial items shown by the plat, including the location of the drain as being 63 feet from the basement in question and not on his property, the plat was at least admissible for what it was worth to illustrate the witness's testimony. *Lively* v. *Thompson*, 88 *Ga. App.* 31, 33 (75 S. E. 2d 846).

The trial court did not err in denying the motion for new trial. The defendant in error has filed a cross-bill in this case assigning error on certain demurrer rulings adverse to him, which, in view of the decision in this case, need not be passed on.

*Judgment affirmed on main bill of exceptions. Cross-bill dismissed. Gardner, P. J., and Carlisle, J., concur.*