## 61959. EDDIE PARKER INTERESTS, INC. v. BOOTH.

BIRDSONG, Judge.
George Booth was employed by Eddie Parker Sales as a sales representative for "gift" items of merchandise traditionally sold by gift shops, florists, card shops and the like. Booth was the sales representative for the geographical area of Georgia north of a line from Savannah to Columbus, excluding the Atlanta metropolitan area. Though the evidence was disputed, the jury was warranted in believing that Booth would contact a retail customer and if a sale occurred, enter an order for the quantity of gift merchandise desired. A multiple copy order form was utilized ordering individual items from various manufacturers' catalogues. The completed order form would be mailed to Eddie Parker Sales home office in Texas, with one copy being retained by the customer, one copy retained by Booth (the salesman), one copy retained by Eddie Parker Sales and the original copy being forwarded to the manufacturer for placement of the order. After the order was shipped to the customer direct from the manufacturer, the manufacturer would forward a commission to Eddie Parker Sales in Texas. Though the manner of payment of commission to the salesperson was disputed, it is obvious the jury chose to believe that Eddie Parker Sales paid its salesmen (or at least Booth) based upon the manufacturer's shipping of the goods rather than when Eddie Parker Sales received the initial commission from the manufacturer. Booth adduced evidence before the jury that around the first of November, 1977, he became aware that Eddie Parker Sales was not forwarding his earned commissions. After some difficulty in communicating with the local office manned by Eddie Parker in the Merchandise Mart in Atlanta, Booth was informed that in the opinion of his employer, he (Booth) had improperly sought to act in competition with Eddie Parker Sales. Thus he no longer worked for Eddie Parker Sales and had no further earned commissions due. Booth, who had retained copies of all his order slips

from the various customers, went to each customer and verified that the merchandise of each order (or most of it) had been in fact shipped, calculated the commission due and filed a complaint for $8,719.80 in past due commissions. Booth's sworn testimony as to the amount of commission due was not objected to by appellant. In defense, Eddie Parker Sales offered evidence that one could not compute the alleged commissions because the saleman's copy of the order form did not disclose whether all or any part of the order was filled, whether the customer paid for the order or whether the manufacturer had paid Eddie Parker Sales the commission due on the order. On cross examination it was shown that somewhere in appellant's company files there probably were papers documenting whether any particular order was filled or partially filled and the amount of commission paid, if any. Appellant Eddie Parker Sales did not offer evidence that the sales did not occur or that commissions were not paid to Eddie Parker Sales by the manufacturers. The rebuttal simply showed that upon the basis of the evidence before the court, one could not calculate the amounts properly. At the conclusion of the defense's case, the appellant, Eddie Parker Sales, moved for a directed verdict. The trial court denied the motion concluding that there remained questions of fact for the existence of commissions due for resolution by a jury. After the jury's verdict in favor of Booth awarding him $5,800, a figure well within the range of the evidence, appellant moved for a judgment notwithstanding the verdict. The trial court also denied this motion. Appellant brings this appeal enumerating as error the denial of its motions for directed verdict in its favor. *Held:*

We affirm. Booth submitted evidence that orders were placed with numerous manufacturers. He testified that he personally went back to these customers and verified by seeing the merchandise on the shelves and from the customers themselves that the merchandise had been shipped. He testified that he had added together all the commissions due on these sales and calculated that the commissions due amounted to over $8,700. This evidence in general was admitted without objection. The appellant rebutted this testimony by denying that anyone could establish the actual amount of sales or commissions from the salesman's retained copies of the purchase orders. Such testimony certainly created an issue of fact as to the reliability of Booth's proffered evidence but did not destroy that evidence. More importantly, however, was the admission by Eddie Parker Sales that most likely in their files were copies of vouchers showing the actual amount of goods delivered from which the actual amount of commissions due (if any) could be calculated.

Under such circumstances, we conclude that the provisions of Code Ann. § 38-119 apply. That code section provides: "Where a

party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." This presumption applies where both parties fail to produce evidence as conclusive and satisfactory as appears to be within their respective control. *Davidson v. Consolidated Quarries Corp.,* 99 Ga. App. 359, 368 (2) (108 SE2d 495). Appellant, having failed to rebut with persuasive evidence which apparently was within its own files, did not remove the questions of fact raised by Booth's evidence. It is never error to refuse to grant a motion for directed verdict where questions of fact remain even though the evidence is strongly supportive of appellant's contentions. *E-Z Go Car Division of Textron v. Kuhlke Const. Co.,* 141 Ga. App. 711 (234 SE2d 339). Our duty is to construe the evidence most favorably toward the party opposing the motion *(Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660, 664 (231 SE2d 556)), and we will labor to retain intact the verdict returned by the jury to whom our system has entrusted the dispensing of justice. *Frost v. Williamson,* 239 Ga. 266, 268 (236 SE2d 615); *Bell v. Brewton,* 139 Ga. App. 463, 464 (228 SE2d 600). In this case, there is sufficient evidence to support the jury's verdict and the judgment of the trial court. We find no merit in either of appellant's enumerations.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 21, 1981 —
REHEARING DENIED OCTOBER 13, 1981 — 

*James B. Crew, Jr.,* for appellant.
*Joseph M. Todd,* for appellee.