### 64156. HANOVER INSURANCE COMPANY v. SCRUGGS COMPANY.

BANKE, Judge.

Alpha-Atlanta Construction, Inc., was the prime contractor for the construction of a waste water treatment facility in Valdosta, Georgia. The appellant, Hanover Insurance Company, executed a payment bond in the amount of the prime contract. This bond obligated Hanover, as surety, to pay all obligations enforceable against Alpha-Atlanta arising out of the construction contract. The Scruggs Company, the appellee, subcontracted to perform paving work at the facility. Scruggs commenced this action against Alpha-Atlanta and its surety, Hanover, seeking $39,125.50 in payment for the completed work. Both defendants moved to stay the action, contending that the subject matter of the complaint was subject to arbitration under the terms of the subcontract. The trial court granted the motion, and the parties stipulated that the case be removed from the court's active trial calendar and that it be referred to the American Arbitration Association "for determination." Alpha-Atlanta's president testified before the arbitrator that the Scruggs Company satisfactorily completed its work under the subcontract and that the sum of $37,321.00 is due and owing to Scruggs. The arbitrator entered an award in favor of Scruggs for that amount plus interest. Scruggs then moved for summary judgment against Alpha-Atlanta and Hanover. This appeal by Hanover is from the grant of that motion. Alpha-Atlanta does not appeal. *Held:*

After moving for a stay to allow arbitration, Hanover was dismissed from the arbitration proceedings at its own request. Now, apparently unsatisfied with the arbitrator's award, Hanover contends that the trial court erred in holding that the award of the arbitrator was binding upon it and that the amount of the award was properly determined. We disagree. Even assuming *arguendo* that Hanover is not estopped by its move for arbitration to urge that it is not bound by the arbitration, Hanover suggests no jury issue or defense to the plaintiff's claim. "It is well settled . . . that the surety is bound by the judgment entered against the principal on the bond."

*Sargeant v. Starr,* 102 Ga. App. 453, 459 (116 SE2d 633) (1960). "The liability of sureties is absolutely fixed by the judgment against their principal, and they must stand or fall by the result of his defense, such being the express undertaking of the bond." *Ford v. Eskridge,* 53 Ga. App. 466, 467 (186 SE 204) (1936).

It does not appear that there was any valid reason for the appellant to anticipate reversal of the superior court's judgment, and, consequently, we must conclude that the appeal to this court was for the purpose of delay only. Accordingly, the appellee's request for award of damages in the amount of 10 percent of judgment is granted. See Code § 6-1801.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 18, 1982.

*Luther P. Cochrane, Michael E. Utley,* for appellant.
*Wade H. Coleman, C. Wilbur Warner, Jr.,* for appellee.