63329. PLOUGH BROADCASTING COMPANY, INC. et al. v.
DOBBS.
63330. PLOUGH BROADCASTING COMPANY, INC. v.
DOBBS.

SOGNIER, Judge.
Thomas Dobbs sued Plough Broadcasting Company, Inc., (WPLO) and Bobby Buice alleging that the defendants conspired to defraud him of first prize in a fishing contest. The jury returned a verdict of $9,565 and attorney fees in favor of Dobbs. WPLO and Buice appeal.

1. Appellants contend that the trial court erred in failing to direct a verdict in their favor. The evidence disclosed that Dobbs and Buice entered a fishing derby sponsored by WPLO. First prize in the contest went to the fisherman with the greatest weight of pan fish (bream and crappie) caught during the contest. Buice was declared the winner of the contest; Dobbs was offered the second place prize.

Dobbs submitted his string of 50 fish to the contest officials to be weighed and entered in the contest. Subsequently, Buice approached the contest officials with his string of fish, 47 bream and 3 crappie. Buice asked the contest officials if he could weigh his fish prior to entering them in the contest. He was permitted to do,so, and, finding the weight of his fish to be less than Dobbs, Buice asked the contest officials if he could substitute three bream that he had in his boat for the three crappie on his line. Buice was permitted to make the substitution thus increasing the weight of his fish to more than that of Dobbs. Buice was declared the winner of the contest. The contest rules provided that each contestant was limited to a total of 50 pan fish in accordance with state law. Code Ann. § 45-713.

" "To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the

plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.' *Martin Burks Chevrolet v. McMichen,* 136 Ga. App. 845, 847 (222 SE2d 633) (1975)." *Eckerd's Columbia v. Moore,* 155 Ga. App. 4, 5 (270 SE2d 249) (1980).

In the instant case there is some evidence that the defendant WPLO impliedly represented that the contest rules would be applied fairly and consistently to each contestant, that they were not so applied, and that WPLO knew that the rules were being misapplied in favor of Buice. There is evidence that Dobbs relied upon the representations made by WPLO and was thereby deceived and damaged as a result of such actions. "In an action for deceit, there are traditional elements which must be proved, of course, and a material misrepresentation or concealment is one of them, as is knowledge of the falsehood or reckless disregard of the true facts. *Code § 105-302.* Equally basic however, is the proposition that fraud is 'in itself subtle,' *Code § 37-706,* and that 'circumstances apparently trivial or almost inconclusive, if separately considered, may by their number and joint operation . . . be sufficient to constitute conclusive proof.' *Eberhardt v. Bennett,* 163 Ga. 796, 802 (137 SE 64)." *Grainger v. Jackson,* 122 Ga. App. 123, 127 (176 SE2d 279) (1970). Whether circumstances constitute fraud is ordinarily a question for the jury. *Crowder v. Electro-Kinetics Corp.,* 228 Ga. 610, 614 (187 SE2d 249) (1972); *Thompson v. Wilkins,* 143 Ga. App. 739, 741 (240 SE2d 183) (1977).

Similarly, conspiracy is usually a jury question and there must be some evidence, direct or circumstantial, to support the claim. *Clayton McLendon, Inc. v. Judge & Co.,* 142 Ga. App. 659 (236 SE2d 683) (1977). In the instant case the evidence disclosed that the contest officials and Buice both knew that Buice had 53 fish in his possession in violation of the rules and was permitted to substitute three bream for three crappie in order to increase the weight of his string of fish. " 'The law recognizes the intrinsic difficulty of proving a conspiracy . . . The conspiracy may sometimes be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances . . . "To show conspiracy it is not necessary to prove an express compact or agreement among the parties thereto. The essential element of the charge is the common design; but it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or writing they formulated their unlawful objects. It is sufficient that two or more persons in any manner either positively or tacitly, come to a mutual understanding that they will

accomplish the unlawful design . . ." ' *Nottingham v. Wrigley,* 221 Ga. 386, 388 (144 SE2d 749) (1965)." *Hodges-Ward Associates v. Ecclestone,* 156 Ga. App. 59, 62 (273 SE2d 872) (1980).

The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall *demand* a particular verdict. Code Ann. § 81A-150 (a). It is only where reasonable persons may not differ as to the proper inferences to be drawn from the evidence that it is proper for the judge to remove the case from jury consideration. *State Farm &c. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878) (1972). The trial court was correct in denying appellants' motions for directed verdict.

2. Appellants also contend that the trial court erred in denying their motions for new trial based upon error in the trial court's charge to the jury. Appellants argue that the trial court erred in failing to charge on the essential elements of fraud. The court charged the jury on actual and constructive fraud in the language of Code Ann. §§ 37-702 and 37-706, but neglected to charge the jury on the essential elements of actual fraud. We think this was error.

An independent action in tort for deceit must be grounded on actual fraud, *Aderhold v. Zimmer,* 86 Ga. App. 204, 206 (71 SE2d 270) (1952) and the essential elements must be proved. See Division 1 above. A request was made for a charge on actual fraud. On the trial of a case it is the duty of the court, with or without request, to charge the jury the law applicable to the substantial issues involved, and in the absence of such instruction the verdict will be set aside. *Pusser v. Thompson,* 147 Ga. 60 (92 SE 866) (1917).

Appellants' motion for new trial should have been granted.

3. In view of our decision in Division 2 of this opinion, it is not necessary to address appellants' other enumerations of error.

*Judgments reversed. Pope, J., concurs, and Deen, P. J., concurs in the judgment only.*

DECIDED JULY 16, 1982 —
REHEARINGS DENIED JULY 28, 1982.

*Richard N. Hubert, W. Fred Orr II, James G. Edwards II,* for appellants (case no. 63329).
*Richard N. Hubert,* for appellant (case no. 63330).
*Thomas F. Borcher, Kirby G. Bailey,* for appellee.