68952. KARSMAN v. PORTMAN et al.
(325 SE2d 608)

BENHAM, Judge.

Appellant was obligated by a divorce decree to maintain medical insurance for his daughter. After she was severely injured in an automobile collision, appellant received payments under the policy in excess of $42,000. Appellees, appellant's daughter and her mother, brought suit to recover the sums paid to appellant by his insurer. In an earlier appeal (*Portman v. Karsman*, 166 Ga. App. 398 (304 SE2d

399) (1983)), this court reversed a dismissal of the suit. Following the return of the case to the trial court, both sides moved for partial summary judgment. This appeal is from the grant of summary judgment to appellees in the amount of $41,162.19.

1. Appellant's first enumeration of error is directed to the amount of the judgment. He argues that he should have been given credit for $2,500 which he deposited in a checking account for his daughter; for $15,000 which he invested, allegedly for her benefit; and for an additional sum which he contends was reimbursement for costs actually paid. The record supports none of his contentions.

In an affidavit filed in the trial court, appellant admitted that he closed the checking account and used the money on himself. The same affidavit revealed that appellant invested $15,000 for his daughter's benefit in a corporation which subsequently became insolvent, rendering the investment worthless. Although appellant purportedly held those funds in trust for his daughter, he does not allege that he had authority to invest them in a manner not in compliance with OCGA § 53-13-54. Without such authority, appellant made the investment at his own risk. See *Mobley v. Phinizy*, 42 Ga. App. 33 (1) (155 SE 73) (1930). It follows that appellant's liability for the invested funds is not diminished by his loss of them. As to the funds which appellant asserts were expended by him directly on medical care for his daughter, entitling him to reimbursement from his insurer, we note that appellees amended their motion for summary judgment to exclude from their demand the proceeds of certain of the checks which were made payable to appellant by his insurer and were negotiated by appellant. That amendment came after appellant filed an affidavit asserting an agreement with appellees under which he would be entitled to retain the proceeds of the checks which were intended to cover the costs which appellant had actually paid. It appears, therefore, that appellant had already been given the credit he now claims. Our review of the record convinces us that the amount of the judgment was authorized by the undisputed evidence as applied to the applicable law.

2. Appellant's enumeration of error concerning the grant of interest on the sums awarded to appellees is mooted by an amendment to the judgment reducing the interest to the rate which appellant's enumeration of error asserts is correct.

3. In appellant's third enumeration of error he contends that the trial court erred in failing to make findings of fact and conclusions of law as is required by OCGA § 9-11-52. However, the judgment entered in this case is the grant of a motion for summary judgment and is expressly excluded from the operation of OCGA § 9-11-52 by the clear language of the section. *Healthdyne, Inc. v. Henry*, 144 Ga. App. 52 (2) (240 SE2d 259) (1977).

4. Appellees have moved for the assessment of 10 percent damages for a frivolous appeal. OCGA § 5-6-6. In light of the fact that appellant's liability was clear and the fact that the amount of his liability was readily ascertainable, considered in conjunction with the meritlessness of the issues raised in this appeal, "[i]t does not appear that there was any valid reason for the appellant to anticipate reversal of the [trial] court's judgment, and, consequently, we must conclude that the appeal to this court was for the purpose of delay only. Accordingly, the [appellees'] request for award of damages in the amount of 10 percent of [the] judgment is granted." *Hanover Ins. Co. v. Scruggs Co.*, 162 Ga. App. 640, 641 (292 SE2d 493) (1982).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 21, 1984 —
REHEARING DENIED DECEMBER 17, 1984 —

*Joseph B. Bergen*, for appellant.
*Julian H. Toporek*, for appellees.