## 73447. CHRYSLER CORPORATION v. MARINARI.
### (355 SE2d 719)

BEASLEY, Judge.

This is the second appearance of this case involving claims by a purchaser of a Chrysler van that Chrysler committed acts of fraud and breach of warranty. The facts giving rise to the litigation are in our decision on Chrysler's appeal from the judgment entered on the first jury's verdict in favor of plaintiff, *Chrysler Corp. v. Marinari*, 177 Ga. App. 304 (339 SE2d 343) (1985). We now address Chrysler's appeal from judgment entered on a second jury verdict unfavorable to it.

1. Chrysler enumerates as error the trial court's denial of its "Motion for Directed Verdict or in the Alternative, Motion for Recon-

sideration of the Directed Verdict Previously Made" which Chrysler filed just prior to the start of the second trial of the case.

Following this court's determination that reversal of the judgment on the first jury verdict was required, *Chrysler Corp. v. Marinari*, supra, and the denial of rehearing and certiorari to the Supreme Court, Chrysler moved this court to direct that judgment in its favor be entered below pursuant to OCGA § 9-11-50 (e). This court denied the motion on the ground that although judgment entered on the verdict was reversed both as to the fraud count and the breach of warranty count, neither ruling was based upon an enumeration that it was error to deny a motion for directed verdict or a motion for judgment notwithstanding the verdict under OCGA § 9-11-50 (e). Accordingly, the effect of the reversal of the judgment was to require a new trial. The trial court, in proceeding with a second trial, was following the law as directed by this court and the court was correct in denying Chrysler's motions to direct a verdict as a result of our reversal of the initial judgment. OCGA § 9-11-60 (h).

2. Chrysler also maintains that the trial court erred in denying its motion for directed verdict made at the conclusion of the second trial. It argues that Marinari failed to establish the existence of each element of his fraud claims so as to support a verdict against the company for fraud, that he failed to establish his measure of damages so as to support a verdict for breach of warranty, and that there was no evidence to support the award of attorney fees pursuant to OCGA § 13-6-11.

After the verdict, Marinari was required to elect between recovery on fraud or breach of warranty. He elected to recover under fraud and the $3,099 awarded for breach of warranty was stricken from the verdict and not made a part of the final judgment. Thus the assertion of error in regard to the breach of warranty claim has become moot. *Reinhardt v. Parker*, 129 Ga. App. 312 (199 SE2d 638) (1973).

The question then is whether or not there was any evidence to support the jury's verdict as to fraud. *Little v. Little*, 173 Ga. App. 116 (325 SE2d 624) (1984). "Our duty is to construe the evidence most favorably toward the party opposing the motion [for directed verdict] [cit.], and we will labor to retain intact the verdict returned by the jury to whom our system has entrusted the dispensing of justice. [Cits.]" *Eddie Parker Interests v. Booth*, 160 Ga. App. 15, 17 (285 SE2d 753) (1981).

" ' "To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having

been made." [Cit.]' [Cit.]" *Plough Broadcasting Co. v. Dobbs,* 163 Ga. App. 264 (1) (293 SE2d 526) (1982). "Although fraud may not be presumed, 'slight circumstances may be sufficient to carry conviction of its existence.' [Cits.]" *Horne v. Claude Ray Ford Sales,* 162 Ga. App. 329 (1) (290 SE2d 497) (1982). " '[F]raud is "in itself subtle," [cit.], and . . . "circumstances apparently trivial or almost inconclusive, if separately considered, may be their number and joint operation . . . be sufficient to constitute conclusive proof." [Cit.]' [Cit.]" *Plough Broadcasting Co. v. Dobbs,* supra at 265 (1).

In his second amended and restated complaint, Marinari alleged (a) fraud prior to the delivery of the van; (b) fraud at delivery; (c) fraud in issuing the warranty; and (d) fraud in servicing the van. The jury returned a special verdict in which it found, *inter alia,* that Chrysler had committed all four types of fraud and that Marinari had been damaged as a result thereof.

a.) Marinari maintained that Chrysler, prior to delivery of the van, committed fraud by representing that it manufactured and installed the van conversion package and air conditioning system when it knew these representations to be untrue. Chrysler contends that there was no evidence that it made any representation that the air conditioner or van conversion package was made and installed by it, that even if the representations were made there was no evidence that the representations were false, that if no representation was made, there could be no intention to defraud by the making of the representation, and that there was no detrimental reliance by Marinari as to the air conditioner in that he testified that he knew it was an ARA air conditioner prior to purchase.

There was evidence that when Marinari ordered the van, he was shown a brochure of the models, that nothing on the brochure indicated that the conversion package was manufactured by anyone other than Chrysler; that nothing on the invoice indicated a different manufacturer; that at the time of order, Marinari believed that Chrysler did the conversion package; that the package was not manufactured by Chrysler; that Marinari did not know of the different manufacturer until after delivery; that throughout his ownership of the van Marinari experienced problems with portions of the conversion package; that Chrysler refused to repair these portion of the conversion package; and that he was still having problems with the conversion package at the time of sale of the van.

As to the air conditioner, there was evidence that Marinari requested factory-installed Chrysler air conditioning; that a Chrysler representative told Marinari that he was purchasing a factory-installed air conditioning when reviewing the invoice; that initially there was nothing to indicate that the air conditioning was not installed by Chrysler; that Marinari did not learn that it was not fac-

tory-installed until problems with the air conditioning developed over a year after purchase; that the dealership informed Marinari that it could not repair the air conditioning because it was not factory-installed by Chrysler; and that the air conditioning never properly worked or was improperly fixed. We find that there was evidence to support the jury's determination that Chrysler committed fraud in selling the van to Marinari. See *Preiser v. Jim Letts Oldsmobile*, 160 Ga. App. 658, 660 (1) (288 SE2d 219) (1981).

b.) Marinari also maintained that Chrysler committed fraud at delivery when it represented the van as new with no previous repairs when it knew that the van had been repaired prior to delivery. Chrysler admitted that prior to delivery the van was repaired on three different occasions and that Marinari was not told of these repairs at delivery, but it contends that Marinari was not able to establish a cause and effect relationship between the repairs and any damages he may have suffered.

Contrary to Chrysler's assertion, there was evidence that Marinari continued to have problems with the van similar to those which Chrysler attempted to repair prior to delivery. Moreover, "[i]t may be considered an intrinsic quality of a car sold as new that it had been neither damaged nor used to any significant extent, [cits.]," and when it is shown that the car was used or damaged to a significant extent and sold as new after attempted repair, such circumstances may be used to show intentional deception. *Horne v. Claude Ray Ford Sales*, supra at 329 (1).

c.) Marinari further asserted that Chrysler had committed fraud in issuing a new vehicle warranty which purported to cover the conversion portion of the van and the air conditioning system which in fact were not covered because they were not factory-installed by Chrysler. Chrysler maintains that there was no evidence that it knowingly made representations that certain components were covered by the warranty when they were not.

There was evidence that the warranty purported to cover those components and that the dealership balked at repair of those items because they were not Chrysler-made and installed. " ' "Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." ' [Cit.]" *Horne v. Claude Ray Ford Sales*, supra at 330 (4). The jury was authorized to find that Chrysler had committed fraud in issuing the warranty.

d.) Finally, Marinari contended that Chrysler had committed fraud in servicing the van by concealing the three prior repairs and by concealing the fact that the air conditioning was not factory-installed and manufactured by Chrysler. Again, Chrysler maintains that there was never any misrepresentation as to the source of the air condi-

tioner and that there was no evidence that the three prior repairs related to subsequent defects. We have already decided these contentions adversely to appellant.

3. Plaintiff Marinari was awarded $23,721.36 in attorney fees pursuant to OCGA § 13-6-11. Chrysler now argues that the trial court erred in failing to direct a verdict in its favor as to the issue of attorney fees.

The record shows that in its motion for directed verdict, Chrysler did not move the trial court to direct the verdict specifically as to the question of attorney fees. Consequently the trial court made no ruling in this regard which we can properly consider, for "this court will review and correct only such error as was made in the trial court and only on the specific basis on which it was presented to the trial court. [Cit.]" *Morse v. MARTA*, 161 Ga. App. 405, 406 (2) (288 SE2d 275) (1982).

4. Appellee Marinari moves this court for damages for frivolous appeal pursuant to OCGA § 5-6-6 and for attorney fees pursuant to OCGA § 9-15-14.

We do not address the merits of appellee's motion for attorney fees under OCGA § 9-15-14 for such a motion properly addresses itself to the trial court for disposition. However, we grant appellee's motion for damages for frivolous appeal pursuant to OCGA § 5-6-6, inasmuch as "[i]t does not appear that there was any valid reason for the appellant to anticipate reversal of the superior court's judgment, . . . we must conclude that the appeal to this court was for the purpose of delay only." *Hanover Ins. Co. v. Scruggs Co.*, 162 Ga. App. 640, 641 (292 SE2d 493) (1982). The trial court is directed to enter an award of 10 percent damages in favor of plaintiff upon the remittitur.

*Judgment affirmed with direction. Deen, P. J., and Benham, J., concur.*

DECIDED MARCH 12, 1987 —
REHEARING DENIED MARCH 31, 1987 — 

*Charles C. Carter*, for appellant.
*Kenneth M. Henson, Jr.*, for appellee.
*Douglas E. Smith, Gregory C. Sowell, Manley F. Brown*, amici curiae.