74719. HUFF et al. v. HOUSEHOLD INTERNATIONAL.
(361 SE2d 273)

BENHAM, Judge.

Appellant Betty Huff worked for appellee Household International in the jewelry department of one of its TG&Y stores. When four other employees were questioned by a store investigator about missing merchandise, two of them implicated Mrs. Huff in the theft. The four were discharged from employment and arrested; Mrs. Huff denied involvement and resigned. After an investigation by local police, Mrs. Huff was arrested, and a newspaper published an article about all of the arrests. The case was sent to a grand jury, but it declined to indict Mrs. Huff, who subsequently filed suit against appellee for malicious prosecution, libel, negligence, and intentional infliction of emotional distress. Mrs. Huff's husband, James, also an appellant, sued for loss of consortium. After discovery, appellee filed a motion for summary judgment, which the trial court granted. Appellants here seek a reversal of the judgment. We affirm.

1. Appellants contend that the trial court's order does not address all of their causes of action and does not contain findings of fact and conclusions of law as to each material allegation of their complaint. Findings of fact and conclusions of law are not required when motions for summary judgment are ruled upon, and so the trial court did not err in omitting them. OCGA § 9-11-52; *Karsman v. Portman*, 173 Ga. App. 108 (3) (325 SE2d 608) (1984). Although at one point in the order the trial court characterizes the gravamen of appellants' complaint as being two-pronged, it is clear from the order as a whole that the court considered all five of their causes of action before granting summary judgment to appellee.

2. The trial court in reaching its decision relied in part on the affidavits appellee submitted in support of its summary judgment motion. Appellants claim that the trial court erred in doing so, but we disagree. The arresting officer stated in his affidavit that his decision to arrest Mrs. Huff was independently made as a result of his own investigation and that he was not at all influenced by any of appellee's representatives. That uncontroverted statement of fact relieved appellee of potential liability for malicious prosecution. *Melton v. LaCalamito*, 158 Ga. App. 820 (2) (a) (282 SE2d 393) (1981). With regard to the libel claim, the author of the newspaper article in question swore in her affidavit that she did not base her article on any press release issued by appellee implicating Mrs. Huff. She further stated that the article was based on public records she obtained through the

county police department and the arresting officer. Since appellee did not supply the information for the allegedly libelous article, there was no publication on its part, thereby eliminating appellee's liability. See OCGA § 51-5-1. Appellants failed to produce anything to contradict the facts appellee set forth and did not create an issue of material fact that would preclude the grant of summary judgment against them, and therefore, the trial court's ruling in favor of appellee was not error.

3. We must also disagree with appellants' assertion that a question of fact remained whether appellee's agents directly or indirectly instigated Mrs. Huff's arrest by not fully disclosing all of the material information they had. The record reflects that appellants' store manager Lilliard did not take out a warrant for Mrs. Huff's arrest, but merely reported to the law enforcement authorities that two of the employee/suspects implicated Mrs. Huff in the theft. As noted earlier, appellant's arrest was the result of the arresting officer's independent investigation and not affected by information provided or withheld by appellee's agents. That being so, appellee cannot be regarded as having instigated the proceeding against Mrs. Huff, and therefore may not be held liable for malicious prosecution. *Melton,* supra at 822. See also *Rice v. Mansour,* 176 Ga. App. 617 (337 SE2d 25) (1985). Since appellee did not instigate the prosecution, with regard to it, the question whether or not probable cause to arrest Mrs. Huff existed is moot, and so we need not address appellants' last enumerated error.

4. We do not reach the merits of appellee's motion for attorney fees and expenses of litigation (OCGA § 9-15-14), for such a motion is properly made in the trial court. *Chrysler Corp. v. Marinari,* 182 Ga. App. 399 (4) (355 SE2d 719) (1987). Appellee's motion for imposition of a penalty for frivolous appeal (Court of Appeals Rule 26 (b)) is denied.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 25, 1987.

*John T. Strauss, C. Michael Walker,* for appellants.
*Robert C. Semler, Allen F. Harris,* for appellee.