A96A1618. PLANE v. UNIFORCE MIS SERVICES OF GEORGIA, INC. et al.
(479 SE2d 18)

RUFFIN, Judge.

Glenn Plane brought this case alleging fraud and breach of con-

tract arising out of an employment agreement. Appellees filed a motion for summary judgment on both counts, which the trial court granted. Plane appeals, and for reasons which follow, we affirm in part and reverse in part.

Summary judgment is appropriate when the court, viewing all the evidence and drawing all reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" Id.

The record reveals the following. In February or early March 1994, Plane entered into employment discussions with representatives from Brannon & Tully, Inc. ("Brannon & Tully"), a firm that provided temporary technical consultants to corporate clients such as BellSouth. Although employed by Brannon & Tully, these technical consultants worked at the corporate client's offices on specific projects for and at the direction of the client. Before Brannon & Tully hired a consultant, that individual interviewed with the prospective client, which made final decisions regarding the consultants they wished to use and how long those consultants would remain on a project.

Plane's employment discussions with Brannon & Tully concerned a possible consulting position at BellSouth Mobility ("BellSouth"). During these discussions, Plane interviewed at BellSouth's offices with Tom Weincko, who, although not employed by BellSouth, was interviewing consultants for the position. Weincko told Plane that, contingent on clearing up any conflict with his then-current employer and discussing compensation with Brannon & Tully, Plane "had the job" with BellSouth. According to Plane, Brannon & Tully representatives subsequently contacted him and stated that Brannon & Tully had "come to an agreement with BellSouth Mobility; the contracts were signed, and if [he] wanted the job, at [his] leisure [he should] come and sign [an employment] contract with [Brannon & Tully]."

On March 29, 1994, Plane entered into an at will employment contract with Brannon & Tully. Pursuant to this contract, Brannon & Tully initially assigned Plane to work with BellSouth. The contract further provided that Brannon & Tully would pay Plane $37 per hour

based upon the number of hours Plane worked for clients. Plane gave his notice of resignation to his then-current employer on March 30, 1994 and planned to begin work with Brannon & Tully on April 18, 1994.

According to appellees, Brannon & Tully believed that a consulting position existed at BellSouth for Plane. Several days prior to his start date, however, Plane learned from Weincko that no consulting job was available at BellSouth and that Brannon & Tully did not have an agreement with BellSouth to provide a consultant for such a position. The record reveals some dispute over the extent of Brannon & Tully's subsequent efforts to place Plane in another consulting job, with either BellSouth or another client. It is clear, however, that Plane never worked any billable hours for BellSouth or Brannon & Tully's other clients.

Claiming fraud and breach of contract, Plane initially sued Brannon & Tully and Christine Scheurer, who executed Plane's employment contract on behalf of Brannon & Tully. The complaint alleged that Brannon & Tully falsely represented the existence of a position at BellSouth to induce Plane to leave his then-current employer and sign an employment agreement with Brannon & Tully. In an effort to bring the proper corporate parties into the suit, Plane subsequently amended his complaint to add as defendants Uniforce MIS Services of Georgia, Inc., d/b/a Brannon & Tully, Inc., and Kalik Enterprises, Inc., formerly known as Brannon & Tully, Inc. The amended complaint also added Vinson A. Brannon, an officer and agent of Brannon & Tully, as a defendant.[1]

1. Plane first argues that the trial court improperly granted summary judgment on his breach of contract claim by finding that the claim was based on future events.

According to Plane, Brannon & Tully representatives promised that he could expect a full-time position at BellSouth with the opportunity for overtime. The trial court was correct in holding that oral promises as to future events are not enforceable by at will employees such as Plane, and cannot provide grounds for a breach of contract claim. *Alston v. Brown Transport Corp.*, 182 Ga. App. 632, 633 (2) (356 SE2d 517) (1987) (oral promises could not be enforced because the underlying employment contract, being terminable at will, was unenforceable). Plane argues, however, that his breach of contract claim stems not from these oral promises, but from Brannon & Tully's failure to have a contract with BellSouth in place when he signed his employment agreement. At the time the employment

---

[1] In addition, the amended complaint named Steven J. Tully and George Brannon as defendants. Plane, however, later voluntarily dismissed these individual defendants from the suit.

agreement was executed, the parties clearly expected that Plane would have a consulting position with BellSouth. Nothing in the employment contract, however, required Brannon & Tully to execute an agreement with BellSouth or to provide any particular consulting positions for Plane. Plane has pointed to no breach of the employment contract, and the trial court properly granted summary judgment on this claim.

2. Plane also argues that the trial court erred by granting summary judgment on his fraud claim. We agree.

Under Georgia law, "[w]illful misrepresentation of a material fact, made to induce another to act, upon which such person acts to his injury, will give him a right of action." OCGA § 51-6-2 (a). Although knowledge is an essential element of this tort, recklessness can rise to the level of knowledge. "A fraudulent or reckless representation of facts as true when they are not, if intended to deceive, is equivalent to a knowledge of their falsehood even if the party making the representation does not know that such facts are false." OCGA § 51-6-2 (b); see also *Lister v. Scriver*, 216 Ga. App. 741, 745 (1) (a) (456 SE2d 83) (1995) (knowledge, or "what the law regards as the equivalent of knowledge," is an essential element of fraud). A misrepresentation is intended to deceive where there is "intent that the representation be acted upon by the other party." *Bill Spreen Toyota v. Jenquin*, 163 Ga. App. 855, 859 (3) (294 SE2d 533) (1982).

In their motion for summary judgment, appellees argued that they made no knowing misrepresentation to Plane about the BellSouth assignment. They claimed that Brannon & Tully and its representatives honestly believed that a position for Plane existed at BellSouth. The trial court agreed, finding "no evidence of fraudulent misrepresentations made to [Plane] regarding the assignment at BellSouth or any intent on the part of [appellees] to deceive or defraud." Even assuming that Brannon & Tully believed such a position existed, however, the record presents sufficient evidence to create a question of fact as to fraud.

According to Plane, Brannon & Tully representatives informed him before he executed his employment contract that Brannon & Tully had come to an agreement with BellSouth and "the contracts were signed." Yet, the record reveals that Brannon & Tully and BellSouth never signed a written contract regarding the anticipated position. In fact, appellee Brannon testified that Brannon & Tully typically relied upon verbal confirmation from a client regarding the availability of a consulting position. From this evidence, a jury could find that Brannon & Tully representatives misrepresented, either intentionally or recklessly, the existence of a signed contract between Brannon & Tully and BellSouth.

We further conclude that a jury could find intent to deceive.

Plane testified that these same Brannon & Tully representatives "badgered" him with numerous telephone calls about interviewing for the BellSouth position and told him that he should not turn down such an opportunity. Even if the representatives believed that Plane had the position at BellSouth, a jury could determine that they intentionally or recklessly misrepresented the existence of an executed agreement with BellSouth to help convince Plane to sign a contract with Brannon & Tully.

As this Court has noted, fraud "may be proved by slight circumstances." *Bill Spreen Toyota*, supra at 860; see also *Plough Broadcasting Co. v. Dobbs*, 163 Ga. App. 264, 265 (1) (293 SE2d 526) (1982). Whether a misrepresentation is fraudulent and intended to deceive is generally a jury question. *Bill Spreen Toyota,* supra at 859. The record presents sufficient evidence from which a jury could find a knowing misrepresentation intended to deceive. The trial court improperly granted the defendants' motion for summary judgment on this ground.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Johnson, J., concur. McMurray, P. J., disqualified.*

DECIDED DECEMBER 3, 1996.

*Clifford H. Hardwick*, for appellant.
*Silfen, Segal, Mills & Fryer, Keith E. Fryer*, for appellees.

