## A03A2220. KURUVILA v. MULCAHY et al.
### (591 SE2d 491)

BLACKBURN, Presiding Judge.

In this malicious prosecution action, Shibu Kuruvila appeals the trial court's grant of summary judgment to Jill Mulcahy and the Metropolitan Atlanta Rapid Transit Authority ("MARTA") on all five counts of his complaint, arguing, both generally and pursuant to OCGA § 9-11-56 (d), that the trial court erred in granting summary judgment to the defendants without making necessary findings of fact and conclusions of law. We disagree and affirm.

1. Kuruvila contends that, as a matter of general law and practice, the trial court erred in granting summary judgment without making necessary findings of fact and conclusions of law. "Findings of fact and conclusions of law[, however,] are not required when motions for summary judgment are ruled upon, and so the trial court did not err in omitting them." *Huff v. Household Intl.*[1] See also *Panfel v. Boyd;*[2] *Fudge v. Colonial Baking Co. of Atlanta;*[3] *Karsman v. Portman.*[4]

2. Citing OCGA § 9-11-56 (d), Kuruvila nonetheless contends that the trial court was required to make findings of fact in this particular case because a counterclaim brought solely by Mulcahy remained pending against him after the grant of summary judgment. Again, there was no error.

Kuruvila filed a civil complaint against Mulcahy and MARTA alleging malicious prosecution and other tortious injury stemming from his arrest and prosecution for stalking Mulcahy. Mulcahy filed an answer and a counterclaim alleging intentional infliction of emotional distress; MARTA filed an answer but no counterclaim. Both MARTA and Mulcahy filed motions for summary judgment. The trial court granted the appellees' motions for summary judgment as to all counts of Kuruvila's complaint but did not address Mulcahy's counterclaim.

OCGA § 9-11-56 (d) provides:

> *Case not fully adjudicated on motion.* If on motion under this Code section judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel shall, if practicable, ascertain what material facts exist

---

[1] *Huff v. Household Intl.*, 184 Ga. App. 296 (1) (361 SE2d 273) (1987).
[2] *Panfel v. Boyd,* 187 Ga. App. 639, 642 (1) (371 SE2d 222) (1988).
[3] *Fudge v. Colonial Baking Co. of Atlanta,* 186 Ga. App. 582 (1) (367 SE2d 814) (1988).
[4] *Karsman v. Portman,* 173 Ga. App. 108, 109 (3) (325 SE2d 608) (1984).

without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

This Code subsection gives a movant the option "of moving for a whole summary judgment or for an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy. In other words, a movant can elect to move for a whole or a partial summary judgment." (Citation and punctuation omitted.) *Butts v. Ga. Cas. &c. Co.*[5] (on motion for rehearing).

Kuruvila brought suit against Mulcahy and MARTA for defamation, invasion of privacy, intentional infliction of emotional distress, malicious prosecution, and negligent retention. Mulcahy and MARTA both answered, but only Mulcahy filed a counterclaim. Mulcahy and MARTA sought summary judgment on all five counts of Kuruvila's complaint rather than partial summary judgment as to fewer than all of the counts, and the trial court properly granted the motions on all counts of the complaint, fully adjudicating Kuruvila's case against appellees. No trial was necessary as to any of the counts of the complaint. An order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, would have been required by the statute only if the movants had opted to seek only partial summary judgment and other counts of the complaint remained to be tried.

Beyond this, under OCGA § 9-11-56 (d), the trial court need only make necessary findings of fact and conclusions of law "if practicable." Kuruvila makes no showing that in this case, it was practicable for the trial court to do so. Absent such a showing, his argument must fail.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 11, 2003.

---

[5] *Butts v. Ga. Cas. &c. Co.*, 179 Ga. App. 819, 820 (348 SE2d 94) (1986).

*Benjamin A. Davis, Jr.*, for appellant.
*Eve Appelbaum, Miriam D. Lancaster*, for appellees.