## 46147. RUSTIN OLDSMOBILE, INC. v. KENDRICKS.

DEEN, Judge. 1. Where there is no certificate of immediate review as to the denial of summary judgment, and the case has been appealed after final judgment, an enumeration on the denial of summary judgment will not be considered. *Moulder v. Steele,* 118 Ga. App. 87 (3) (162 SE2d 785).

2. This is an action for fraud and deceit. The evidence, construed in favor of the plaintiff's verdict, authorizes the following: Kendrick in answer to an advertisement went to the defendant's place of business with a friend on September 16, 1968, and purchased a red 98 Oldsmobile represented to him by the salesman as being a new car, having a new car warranty, having been used for two weeks as a demonstrator, having made one trip to Florida, and having been driven about 1,300 miles as shown on the speedometer. Plott, the salesman, testified that this car was the only 98 Oldsmobile like the one purchased on November 10, 1967. The car was invoiced as "new" and the new car warranty was in fact honored. The day after the purchase plaintiff drove the car and found it rocked, felt unsafe, and would not go over 50 miles per hour. He stopped payment on his check, but after assurances from the dealer, allowed the check to be cashed. The seller attempted to balance the wheels, put on new shock absorbers and replaced the tires, which had lost a considerable portion of their tread. Thereafter, plaintiff had replacements of worn out brakes (at a time when his speedometer showed 10,000 miles), fuel pump, carburetor, starter, muffler, and radiator hose. He additionally discovered a substance in the quarter panel described as "bondo" and as an indication that the car had been wrecked. Most of this difficulty occurred within the first three months of use. Thus, the evidence amply supports a jury inference that the new car warranty had been breached, and that the misrepresentation in the warranty as given was knowingly made. While some of the indications that the car had a long period of use behind it appear to have been ascertainable at the time of purchase, others were not. It is contended that if misrepresentations were made the plaintiff, in the exercise of common sense and his own duty to

examine the vehicle, had no right to rely on them (*Doanes v. Nalley Chevrolet, Inc.,* 105 Ga. App. 846 (125 SE2d 717)) and that he failed to use reasonable diligence in protecting himself from loss (*Scott v. Fulton Nat. Bank,* 92 Ga. App. 741 (89 SE2d 892)). Whether he acted prudently and promptly in discovering and acting upon the fraud of the seller is a jury question. *Gem City Motors v. Minton,* 109 Ga. App. 842 (137 SE2d 522). Here the plaintiff did have a new car warranty and was not, as in *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727 (16 SE2d 176) bound by any statement that he was not relying on the warranties or representations made to him. The jury was authorized to find the car was not a new car (that is, with only 1,300 miles of use) and that, if it was not, the seller necessarily knew such fact, and the buyer did not. Nor did the buyer pay with knowledge of all the defects (*King v. Dobbs,* 30 Ga. App. 441 (118 SE 428)) since the defects continued to accumulate over a 3-month period and thereafter. Furthermore, no question of prompt rescission is involved here since the plaintiff, as he had a right to do, affirmed the contract and sued for damages. The evidence sufficiently supports the verdict as to each of the actionable elements of fraud and deceit.

3. Where fraud and deceit in the sale of an automobile is proved, it is a jury question whether the aggravating circumstances of the alleged tort warrant the imposition of punitive damages. *Aderhold v. Zimmer,* 86 Ga. App. 204 (1) (71 SE2d 270).

4. The court properly instructed the jury that the actual damages, in an action for deceit where the purchaser has elected to affirm the contract, is the difference between the actual value of the automobile at the time of purchase and what the value would have been if the automobile had been as represented. *Haynes v. Elberton Motors,* 57 Ga. App. 247 (1) (194 SE 884). Appellant complains of this charge and the failure to charge to the effect that any damage done through fraud must be determined by the evidence. There was evidence in the record of the purchase price and sale price of the Oldsmobile, the length of time it was kept, the defects which appeared and in some cases the cost of repair, and opinion evidence a proper foundation for which was established of the cost of a 1968 Oldsmobile 98 as a

new car and as a used car, all of which was sufficient to afford a basis for a jury decision as to the amount of damages. *Taber Pontiac v. Osborne,* 116 Ga. App. 274 (157 SE2d 33). Further, the jury was in fact instructed to decide the case on the basis of the evidence presented, and it was not, of course, absolutely bound by the opinion testimony as to value but could conclude from the evidence before it the true value and therefore the damage sustained. *Nottingham v. West,* 69 Ga. App. 876, 880 (27 SE2d 44). The enumerations of error relating to the measure of damages are without merit.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
Argued April 5, 1971—Decided April 21, 1971.

*Grogan, Jones & Layfield, Lee R. Grogan,* for appellant.
*Arthur L. Falkenstrom, Roberts & Kilpatrick, Samuel W. Worthington, III,* for appellee.