## 55459. RODRIGUE v. MENDENHALL.

McMurray, Judge.

On or about April 25, 1972, Fair Enterprises, Inc., by and through its agent, president and majority stockholder, Sidney Joseph Rodrigue, Jr., sold certain printing equipment to C. B. Mendenhall. At the time of the sale the equipment was encumbered to the Cobb Exchange Bank which was evidenced by certain financing statements on file in Cobb County.

Subsequent to the purchase and sale Rodrigue declared bankruptcy, and Fair Enterprises, Inc. ceased operations. Cobb Exchange Bank, after locating the equipment against which it held outstanding liens, contacted Mendenhall who was required to pay in $3,000 for the release of said liens.

Mendenhall contended he was deceived by the representations made to him by Rodrigue in the purchase of the $5,600 worth of equipment of Fair Enterprises, Inc., that same was free and clear and unencumbered by any debts or liens thereby inducing him to purchase same. Mendenhall then sued Rodrigue for fraud and deceit practiced upon him. Plaintiff sought the sum of $5,600 in damages and $10,000 as exemplary and punitive damages. Plaintiff was unable to obtain personal service on the defendant and an order of service by publication was obtained from the trial court. Thereafter, the defendant answered the complaint admitting jurisdiction, the advertisement and sale of the equipment to plaintiff and that it was encumbered. He later amended to deny that the equipment was encumbered. He denied the claim of special exemplary damages, misrepresentations and fraud.

The case came on for trial before the court without the intervention of a jury. The trial court held that the evidence was in conflict but after weighing all evidence and testimony the court found that the defendant had represented prior to the purchase by the plaintiff that such equipment was free and clear of all liens, security interests or other indebtedness, at the time of the transaction; that there were two outstanding and unsatisfied security statements on record against the

equipment in favor of the Cobb Exchange Bank; that defendant had knowingly made the false and fraudulent representations to plaintiff who had a right to rely upon same and did rely upon such representations to his detriment. The court also found: The plaintiff had invested $15,000 in his business, a sole proprietorship, which included the $5,600 paid for the equipment here involved. The defendant had gone into bankruptcy and had advised the Cobb Exchange Bank that he had negotiated the sale of the equipment to the plaintiff. Under threat from the bank to seize the equipment plaintiff had to pay the bank $3,000 to release the equipment from the liens and in order to avoid loss of all his investment as a going business plaintiff was forced to sell the business at a loss of $8,500. The court held that plaintiff's damages were thus proximately caused by plaintiff's reliance upon the misrepresentations of fact made to him by defendant to induce him to purchase the equipment. The defendant committed the tortious act of fraud which was of such a wilful and aggravating nature as to warrant the imposition of exemplary damages to deter the wrongdoer from repeating the trespass. The trial court then found general damages of $5,600 and awarded exemplary damages of $5,000 and judgment was entered against defendant for same. A motion for new trial was filed and denied, and defendant appeals. *Held:*

1. "A suit for damages by the defrauded party for the fraud committed is not a suit for the violation of the contract, but is one for a tort and involves affirmance of the contract, and he may keep the fruits of the contract and maintain an action for the damages suffered by reason of the fraud." *Tuttle v. Stovall,* 134 Ga. 325, 329 (67 SE 806). See also *Gem City Motors, Inc. v. Minton,* 109 Ga. App. 842 (137 SE2d 522); *Rustin Oldsmobile, Inc. v. Kendricks,* 123 Ga. App. 679 (182 SE2d 178); *Central Chevrolet, Inc. v. Campbell,* 129 Ga. App. 30 (198 SE2d 362). Consequently, the court did not award damages based upon a complete failure of consideration, but in considering all the evidence involved which was the sale of plaintiff's going business in order to pay off the indebtedness ($3,000) by reason of which plaintiff offered evidence his damages were $5,600. The trial court did not

err in its award of damages.

2. Generally, the measure of damages in an action for fraud and deceit is the difference between the actual value of the property at the time of purchase and what the value would have been if it had been as represented. *Millirons v. Dillon,* 100 Ga. 656 (2) (28 SE 385); *Rustin Oldsmobile, Inc. v. Kendricks,* 123 Ga. App. 679, supra. In addition, damages arising directly and consequential to a tort are recoverable. See *Olson & Co., Inc. v. Lunsford,* 99 Ga. App. 215, 217 (108 SE2d 304); *Lipscomb v. Watkins,* 28 Ga. App. 185 (1) (110 SE 502); *Carr & Co. v. Southern R. Co.,* 12 Ga. App. 830 (79 SE 41); *Kroger Co. v. Perpall,* 105 Ga. App. 682 (3) (125 SE2d 511). Thus, the evidence of loss of capital investment by plaintiff, including the $3,000 paid on the equipment to release the lien authorizes the findings of the court as to the damages.

3. The evidence was ample to show the aggravating nature of the fraudulent conduct of the defendant to support the award of punitive damages. See Code § 105-2002; *Central Chevrolet, Inc. v. Campbell,* 129 Ga. App. 30 (6), supra.

4. Nor was it necessary that the plaintiff exhaust all means at his command to ascertain the truth of the representations made to him by the defendant in this instance. Whether plaintiff used proper diligence to determine the truth or falsity of the representations is for determination by a jury (trier of fact). See *Braselton Bros., Inc. v. Better Maid Dairy Products, Inc.,* 222 Ga. 472, 474 (150 SE2d 620); *Gaines v. Watts,* 224 Ga. 321, 323 (161 SE2d 830); *Smith v. Holman,* 117 Ga. App. 248, 249 (160 SE2d 533).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED MARCH 6, 1978—DECIDED APRIL 11, 1978.

*William L. Horton,* for appellant.
*Frank M. Eldridge,* for appellee.