59850, 59851. CENTURY DODGE, INC. v. MOBLEY; and vice versa.

SOGNIER, Judge.

Mobley purchased a new car from Century Dodge, Inc. (hereafter Century) and thereafter discovered the car had been involved in an accident. Unable to resolve his differences with Century, Mobley filed a four-count complaint. The court directed a verdict in favor of Century on Counts 1, 2 and 4; Mobley obtained a jury verdict on Count 3, which alleged fraud in the sale of the car. He was awarded general damages, punitive damages and attorney fees. Century appealed, enumerating several errors; Mobley filed a cross-appeal, contending it was error for the trial court to dismiss Counts 1, 2 and 4.

1. Century's first enumeration of error is that the trial court erred by allowing the transcript of former testimony of a witness to be read into evidence without a showing that the witness was inaccessible.

At the first trial of this case, which resulted in a mistrial, Gary Forbes, an Atlanta attorney, testified for Mobley. The only showing that Forbes was "inaccessible," as required by Code Ann. § 38-314, was a statement by Mobley's attorney that "on my previous dealings with Mr. Forbes he is almost, quote, inaccessible to get down here . . ." There was no showing that Mobley or his attorney attempted to contact Forbes to determine his availability, or that they made any attempt to subpoena Forbes. As no attempt of any kind was made to obtain Forbes as a witness, there was no adequate showing that he was inaccessible; thus, it was error to allow the transcript of his testimony at a former trial to be read into evidence. *Standridge v. Standridge,* 224 Ga. 102, 103 (4) (160 SE2d 377) (1968); *Whatley v. State,* 230 Ga. 523 (198 SE2d 176) (1973). As this error requires reversal, we need not discuss Century's remaining enumerations of error.

2. Mobley filed a cross-appeal, contending it was error for the trial court to grant a directed verdict as to Counts 1, 2, and 4. Count 1 alleged that Century breached an implied warranty of merchantability and fitness; Count 2 alleged a breach of an express warranty by Century, as a dealer, that the automobile purchased by

Mobley was a new car; and Count 4 alleged that Mobley rescinded the sales contract because of Century's fraud and suffered damage by this fraud. Each count, including Count 3 which alleged fraud and deceit, sought $1,750 general damages, $100,000 punitive damages and reasonable attorney fees. After a directed verdict was granted as to Counts 1, 2 and 4, the jury returned a verdict on Count 3 in favor of Mobley, awarding him $1,750 general damages, $3,575 punitive damages and $3,575 attorney fees.

Count 2 is a claim for breach of an express warranty that the car Mobley purchased was new, when in fact it had been involved in an accident. We are aware that the contract contained a disclaimer of all warranties, express or implied. We are also aware of the cases upholding such a provision and barring recovery for breach of contract (based on express or implied warranties) when the purchaser has acknowledged such a disclaimer by signing the contract. *Attaway v. Tom's Auto Sales,* 144 Ga. App. 813, 814 (242 SE2d 740) (1978); *Harison-Gulley Chevrolet v. Carr,* 134 Ga. App. 449, 450 (214 SE2d 712) (1975). Under those holdings a purchaser must rely on an action in tort, based on fraud and deceit. Nevertheless, this case differs from those cited because the car purchased was described as new in the contract. Code Ann. § 109A-2—313 (1) (b) provides: "Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Since the description of the vehicle as new becomes an express warranty under this section, we must turn to Code Ann. § 109A-2—316 (1) as a guide in resolving the conflict between the express warranty and a disclaimer of such warranty in the contract. Code Ann. § 109A-2—316 (1) provides: "Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this Article on parol or extrinsic evidence (109A-2—202) negation or limitation is inoperative to the extent that such construction is unreasonable."

Applying this rule to the facts of the instant case, we hold it is unreasonable to allow an express warranty contained in a contract (the description as "new") to be negated by a disclaimer of warranty in the same contract, for the two provisions are not consistent with each other. Hence, Mobley's cause of action in Count 2 is not defeated by the disclaimer of warranty. Since the question of whether the car was new is one of fact, it should have been submitted to the jury. *Davis v. Kirkland,* 1 Ga. App. 5, 7 (58 SE 209) (1907); *Dodd v. Callaway,* 76 Ga. App. 629, 633 (46 SE2d 740) (1948). Thus, it was error for the court to direct a verdict for Century as to Count 2 of the

complaint.

Count 1 of Mobley's complaint was based on an *implied* warranty, and here, the disclaimer thereof would prevail. *Attaway v. Tom's Auto Sales,* supra; *Harison-Gulley Chevrolet v. Carr,* supra. Count 4 of Mobley's complaint was based on his rescission of the contract; thus, Count 4 was merely repetitious of Count 3 wherein he sued in tort for fraud and deceit. Hence, the trial court was correct in granting a directed verdict as to Counts 1 and 4 of the complaint.

*Judgment reversed in Case No. 59850. Judgment affirmed in part and reversed in part in Case No. 59851. Deen, C. J., and Birdsong, J., concur.*

ARGUED MAY 5, 1980 — DECIDED SEPTEMBER 2, 1980 — REHEARING DENIED SEPTEMBER 17, 1980 — 

*Phillip T. Raymond, III, Warren C. Grice, O. Hale Almand, Jr.,* for appellant.

*Lawton Miller, Jr.,* for appellee.