63546. HORNE v. CLAUDE RAY FORD SALES, INC. et al.

BANKE, Judge.

The plaintiff's husband, John Horne, filed suit against Ford Motor Company, Inc., and Claude Ray Ford Sales, Inc., to recover the purchase price of a 1978 Ford LTD automobile, based on fraud and breach of a new car warranty. Mr. Horne later died, and Mrs. Horne, as administratrix of his estate, was substituted as plaintiff. This appeal follows the grant of a directed verdict in favor of the defendants.

Mr. Horne purchased the vehicle in question from Claude Ray Ford Sales, Inc., on July 31, 1978. The plaintiff testified that she and her husband decided to make the purchase more or less on impulse, while they were out "riding around" with another couple. She stated that the vehicle was represented to them as being new and that neither she nor her husband spent much time inspecting it, as they were "just in a hurry, not thinking." Although they drove the car regularly thereafter, they did not have occasion to look inside the trunk until some three and a half months later, whereupon they discovered that the rear portion of the body had been damaged and partially repaired. The dealer subsequently offered to complete the repairs, but Mr. Horne refused, insisting that he be given a new car. *Held:*

1. It may be considered an intrinsic quality of a car sold as new that it has been neither damaged nor used to any significant extent. Accord, *Rustin Oldsmobile v. Kendricks,* 123 Ga. App. 679 (2) (182 SE2d 178) (1971); *Gem City Motors v. Minton,* 109 Ga. App. 842 (137 SE2d 522) (1964). The plaintiff in this case presented evidence not only that the car had been damaged but also that it had been partially repaired. Because only the defendants would have had occasion to make such repairs in the ordinary course of events, an inference arises that they knew of the existence of the damage. Although fraud may not be presumed, "slight circumstances may be sufficient to carry conviction of its existence." Code § 37-706. See *Bob Maddox Dodge v. McKie,* 155 Ga. App. 263 (1) (270 SE2d 690) (1980). Sufficient circumstances were shown in this case to create a jury issue as to intentional deception.

2. The defendants contend that the plaintiff is barred from recovering because a reasonable inspection of the vehicle at the time

of purchase would have revealed the existence of the defect. " 'While a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the representations. Ordinarily the question whether the complaining party could ascertain the falsity of the representations by proper diligence is for determination by the jury. (Cits.)' *Braselton Bros. v. Better Maid Dairy Products,* 222 Ga. 472, 474 (150 SE2d 620)." *Thomson v. Walter,* 160 Ga. App. 542, 543 (287 SE2d 562) (1981). We cannot conclude as a matter of law that the failure of the plaintiff and her husband to open the trunk of a car represented to them as new in order to inspect for damage, either at the time of purchase or within three and a half months thereafter, amounted to a failure of due diligence. This, too, was a question to be resolved by the jury.

3. The plaintiff clearly elected to affirm the contract rather than to rescind, for she continued to drive the vehicle from the time of purchase to the time of trial. In such a case, the measure of damages for fraud is the difference between the actual value of the property at the time of purchase and what the value would have been if the property had been as represented. See *Rodrigue v. Mendenhall,* 145 Ga. App. 666, 668 (2) (244 SE2d 598) (1978); *Rustin Oldsmobile v. Kendricks,* 123 Ga. App. 679, 680, supra. The plaintiff offered expert testimony to the effect that had the repairs been properly completed, the defect would have reduced the value of the vehicle at the time of purchase by about $500. This expert further testified that at present it would cost about $200 to repair the vehicle and that it would have cost about $25 or $30 less to have done so three years earlier, at the time of purchase. This testimony was sufficient to support an award of damages.

4. The description of the vehicle as being new created an express warranty to that effect pursuant to Code Ann. § 109A-2—313 (1) (b), which provides as follows: " 'Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.' " *Century Dodge v. Mobley,* 155 Ga. App. 712, 713 (272 SE2d 502) (1980). Accordingly, the case could also have gone to the jury on the theory of breach of express warranty. The measure of damages would be identical under this theory. See Code Ann. § 109A-2—714 (2).

5. There was no evidence of any breach of the implied warranties of merchantability or fitness for particular purpose, as the plaintiff admitted that the damage to the body had not affected the car's usefulness or its driveability. Accord, Tallmadge v. Aurora Chrysler-Plymouth, Inc., 605 P2d 1275 (25 Wash. App. 90) (1979); Tracy v. Vinton Motors, Inc., 296 A2d 269 (Vt. 1972). Compare *Ford*

*Motor Co. v. Hooks,* 143 Ga. App. 823 (240 SE2d 205) (1977); *Patron Aviation v. Teledyne Ind.,* 154 Ga. App. 13 (267 SE2d 274) (1980).

6. For the foregoing reasons, the court erred in directing a verdict for the defendants.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 20, 1982 —
REHEARING DENIED MAY 12, 1982.

*W. Allan Myers,* for appellant.

*John Stephen Jenkins, Truett Smith, Michael Terrell,* for appellees.

