## 72221. MACON CHRYSLER-PLYMOUTH v. SENTELL.
(347 SE2d 639)

CARLEY, Judge.

Appellee purchased an allegedly new car from appellant automobile dealer. On the day of the purchase, appellee noticed a spot on the hood where the paint was dull. Appellant's sales manager informed appellee that this condition was typical in new cars. Appellee was told to bring the car back the next day to be buffed. When buffing failed to correct the problem, the sales manager offered to have the car repainted. Appellee, not wanting a repainted car, refused the offer. The sales manager then had the original hood replaced.

The following Spring, appellee noticed that the paint on the car had begun to crack. The cracks quickly spread to cover the top of the car, the hood, and the trunk. Over the next few months, appellee made continuous complaints and finally obtained an interview with appellant's president and a factory representative. At this meeting, it was admitted to appellee for the first time that, prior to its sale to him, the car had been damaged by acid rain and that appellant had had it partially repainted. Discussions about trading in the car for a new one terminated when appellant offered appellee only a low trade-in. The parties finally agreed that appellant would pay to have the car repainted yet again. When the old paint was removed, it was discovered that the roof of the car had been dented and that the dent had been filled in with body filler. Apparently, this had not occurred at the factory. Appellee then brought the instant action, alleging that he had been defrauded by appellant's false assertions that the car was new and in good repair. Following a jury trial, a verdict was returned in favor of appellee. Appellant's motion for new trial was denied and it appeals.

1. Appellant enumerates as error the refusal of the trial court to give one of its requests to charge. The refused request related to the exercise of due diligence by a plaintiff to discover the alleged fraud as a condition precedent to recovery. The principle contained in appellant's request applies where " ' "the person relying on the fraud as a

basis for the action . . . had equal and ample opportunity to prevent the happening of the occurrence, and made it possible through a failure to exercise proper diligence." [Cits.]' " *McClelland v. Westview Cemetery,* 148 Ga. App. 447, 451 (251 SE2d 351) (1978). It does not apply if the person defrauded lacks equal facilities for ascertaining the truth, " 'as where the facts are peculiarly within the knowledge of the speaker and are difficult for the hearer to ascertain, as where misrepresentations relate to latent defects, . . . where the employment of an expert would be required, or where from the circumstances attending the transaction the hearer is compelled to rely on the speaker's statements.' " *Daugert v. Holland Furnace Co.,* 107 Ga. App. 566, 570 (130 SE2d 763) (1963). See also *Holman v. Ruesken,* 246 Ga. 557 (2) (272 SE2d 292) (1980); *Deibert v. McWhorter,* 34 Ga. App. 803 (132 SE 110) (1925).

In the instant case, appellee's asserted reliance was upon the unqualified representation that the car was new and appellant does not contest the sufficiency of the evidence to show that the representation was actionably false. "It may be considered an intrinsic quality of a car sold as new that it has been neither damaged nor used to any significant extent. [Cits.]" *Horne v. Claude Ray Ford Sales,* 162 Ga. App. 329 (290 SE2d 497) (1982). Compare *General Motors Corp. v. Green,* 173 Ga. App. 188 (325 SE2d 794) (1984), wherein the *manufacturer*-defendant's "new" car warranty specifically *disclosed* the possible existence of *factory* damage and *factory* repairs. Appellant asserts only that, as was the case in *Horne,* supra, it was for the jury to determine whether appellee exercised reasonable diligence in failing to discover the falsity of the representation. The car buyers in *Horne,* supra, failed to discover a patent defect in a "new" car which was observable by simply opening the trunk. Unlike *Horne,* supra, there is no evidence which would authorize the jury to find that appellee was ever in a similar position to discover the existence and extent of the alleged latent damage to the vehicle represented to him as "new." The acid rain damage to the original finish had been painted over. Appellee was only able to learn that, in addition, the roof of the car had been dented and then filled in with body filler when the paint was sanded from the roof. It cannot be said that due diligence in buying an automobile would require a prospective purchaser to make such an inspection as possibly would have disclosed this latent damage. See *Holman v. Reusken,* supra. This would seem to be especially true where, as here, the purchaser does inquire about the only observable flaw in the automobile's finish and is told that the condition is typical in new cars and is readily remedied. There being no evidentiary support for the principle, "[t]he court did not err in failing to charge the jury that the plaintiff could not recover unless it appeared that [he] used [due diligence] in investigating the truth of such mate-

rial statements made by the defendant, before accepting them as true." *Deibert v. McWhorter*, supra, 805 (2).

2. Appellant contends that any fraud that it may have committed was waived by appellee and that he is now estopped to assert it. In appellant's answer, however, it merely admitted or denied the various paragraphs of appellee's complaint and raised no affirmative defenses. A defendant must set forth affirmatively the defenses of waiver and estoppel. OCGA § 9-11-8 (c). Not having been raised affirmatively in appellant's answer, waiver and estoppel were not defensive issues in the trial. *Dromedary, Inc. v. Restaurant Equip. Mfg. Co.*, 153 Ga. App. 103 (264 SE2d 571) (1980). It follows, therefore, that the trial court did not err in failing to instruct the jury on those defenses. *Formica Corp. v. Rouse*, 176 Ga. App. 548 (2) (336 SE2d 383) (1985). Moreover, no such charges were requested by appellant. *Pro Metal Bldg. Systems v. T. E. Driskell Grading Co.*, 170 Ga. App. 127, 129 (3) (316 SE2d 574) (1984).

3. For the same reasons discussed in Division 2, the trial court likewise did not err in failing to charge the jury on the affirmative defense of accord and satisfaction.

4. Appellant enumerates the trial court's failure to take corrective measures in connection with alleged improper jury argument on the part of appellee's counsel. However, no objection or motion for mistrial was made following counsel's argument. "Failure to object amounts to a waiver of the misconduct." *Saxon v. Toland*, 114 Ga. App. 805, 806 (2) (152 SE2d 702) (1966); *Reliance Ins. Co. v. Bridges*, 168 Ga. App. 874, 888 (16) (311 SE2d 193) (1983).

5. Appellant contends that the award of punitive damages was excessive and that it reflects undue jury bias against it. The recovery of punitive damages is necessarily dependent upon the facts of each case and such damages are to be awarded in an amount which, "as measured by the enlightened conscience of an impartial jury, . . . would be required to deter future acts. . . ." *Smith v. Milikin*, 247 Ga. 369, 372 (3) (276 SE2d 35) (1981). We cannot say that the evidence in the instant case was not sufficient to support the jury's award of punitive damages as an amount necessary to deter appellant from similar wrongful conduct. *Smith v. Milikin*, supra; *Bill Spreen Toyota v. Jenquin*, 163 Ga. App. 855 (294 SE2d 533) (1982); *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 340-342 (7) (319 SE2d 470) (1984).

6. Appellant urges that it was error to fail to grant its motion for a new trial on the ground that the verdict was contrary to the evidence. "Fraud may not be presumed but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." OCGA § 23-2-57. As against appellant's assertions, our review of the record shows sufficient evidence to support the verdict. The trial

court did not, therefore, err in denying appellant's motion for new trial. *Allen v. Sanders*, 176 Ga. App. 647 (1) (337 SE2d 428) (1985). *Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 23, 1986 —
REHEARING DENIED JULY 14, 1986 — 

*Robert E. Herndon, Richard B. Thornton, Walter E. Leggett, Jr.,* for appellant.
*Gerald S. Mullis, J. A. Powell, Jr.,* for appellee.