74014. HENDERSON et al. v. MARTIN BURKS
CHEVROLET, INC.
(360 SE2d 430)

</div>

CARLEY, Judge.

Appellant-plaintiffs brought suit, alleging that their purchase of a pickup truck had been fraudulently induced by misrepresentations made by the agents of appellee-defendant. At trial, appellee moved for a directed verdict on the ground that appellants had shown no evidence of fraud. Although appellee's motion was granted as to the fraud issue, the trial court submitted the case to the jury on a theory

of partial failure of consideration. The jury returned a verdict in appellants' favor. The trial court subsequently granted appellee's motion for judgment n.o.v. Appellants appeal from the grant of appellee's motions for directed verdict and for judgment n.o.v.

The facts, viewed in a light most favorable to appellants, are as follows: The truck that appellants purchased from appellee had been used as a demonstrator and had been driven almost 6,000 miles. At the time of the purchase, appellants were fully aware of this fact, and because of it they received a reduction in the price of the truck. Appellants had been told by appellee's salesman that the truck was still "new" and had been used only as a demonstrator. Appellants inspected the truck before they bought it and noticed nothing unusual. Although aware of the truck's prior use, appellants never asked if it had ever been damaged and had undergone repairs. After they bought the truck, appellants noticed that the paint on the right front fender did not precisely match the paint on the remainder of the truck. Only then did they ask appellee's salesman if the truck had ever been "wrecked." He assured them that it had not been. Appellants had several problems with the truck. When they brought the truck back to appellee to have these problems repaired, they asked again if the truck had been "wrecked." Again, they were told that it had not been. After these repairs were completed, the problems remained. Appellants contacted the manufacturer of the truck. At that time, appellee did acknowledge that the truck had been damaged. Appellants refused appellee's offer to repair the truck and brought the instant action.

1. Appellants contend that they were defrauded by the representations of appellee's agents that the truck was "new" when, in fact, it had previously been damaged and repaired. Appellants rely for their definition of "new" on *Horne v. Claude Ray Ford Sales*, 162 Ga. App. 329 (1) (290 SE2d 497) (1982), which stated that "[i]t may be considered an intrinsic quality of a car sold as new that it has been neither damaged nor used to any significant extent. [Cits.]" However, the car at issue in *Horne* was sold as "new" in the sense of never having been significantly driven. That car, which had had no substantial prior use, could reasonably be expected not to have sustained significant damage. See also *Macon Chrysler-Plymouth v. Sentell*, 179 Ga. App. 754 (347 SE2d 639) (1986).

It is clear that the truck purchased by appellants was not "new" in the sense in which the word is employed in *Horne*, supra. It is also clear that the truck was never represented to be "new" in that sense. It is undisputed that the truck had been driven 5,979 miles as a demonstrator and that appellants were aware of this when they bought it. Because the truck had not been owned previously, it was titled as a "new" rather than "used" vehicle. See generally *Gem City Motors v.*

*Minton*, 109 Ga. App. 842, 846 (2) (137 SE2d 522) (1964). In exchange for a bargain price, appellants acquired a truck which had been driven almost 6,000 miles but which was nevertheless "new" because the mileage was the result of its use only as a demonstrator. Given their knowledge of the truck's prior use and, consequently, of the potential for its having been damaged as the result of that use, appellants cannot urge the same fraudulent employment of the word "new" as could the purchasers in *Horne*, supra. Cf. *Gen. Motors Corp. v. Green*, 173 Ga. App. 188 (1) (325 SE2d 794) (1984).

Appellants cite no authority, and we are aware of none, which would require the seller of a vehicle which has been used so extensively to gratuitously inform the purchaser of all repairs which may have been done on the vehicle as the result of such use. Appellants did not inquire about the existence of any previous damage until after they had purchased the truck for a discount based upon its prior use as a demonstrator. Appellee's responses to those after-the-fact inquiries obviously cannot support a claim of fraudulent inducement to buy the truck. See *Strother Ford v. Bullock*, 142 Ga. App. 843, 844-845 (1) (237 SE2d 208) (1977). The truck at issue in this case was precisely what it was represented to be at the time of purchase: a truck which had not been owned previously but which had already been used extensively as a demonstrator. Compare *Bill Spreen Toyota v. Jenquin*, 163 Ga. App. 855 (294 SE2d 533) (1982); *Horne v. Claude Ray Ford Sales*, supra; *Macon Chrysler-Plymouth v. Sentell*, supra; and *Rustin Oldsmobile v. Kendricks*, 123 Ga. App. 679 (182 SE2d 178) (1971). The trial court did not err in granting a directed verdict, there being no evidence of appellee's fraud.

2. Fraud was the sole cause of action relied upon by appellants. There being no evidence of fraud, there was nothing for the jury to consider. The trial court having erred in submitting the case to the jury, the judgment n.o.v. in appellee's favor was correct.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Banke P. J., Sognier and Beasley, JJ., concur. McMurray, P. J., Pope, and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.

I disagree with the majority's affirmance of the trial court's grant of appellee's motions for directed verdict and for judgment n.o.v. The majority concludes that the vehicle purchased by appellants was not "new" as that term is defined in *Horne v. Claude Ray Ford Sales*, 162 Ga. App. 329 (290 SE2d 497) (1982). Because I believe the question is one best left for resolution by a jury, I must dissent.

The pickup truck purchased by appellants from appellee was represented to them as being "new." The retail installment contract described the truck as "new"; it was displayed on the lot with other new

trucks; the salesman told them it was a new truck and they would be "extended all the courtesies" of purchasing a new truck; and a "new car warranty" of 12 months/12,000 miles accompanied the vehicle. In *Horne*, supra at 329, this court stated that "an intrinsic quality" of a car sold as "new" is "that it has been *neither damaged* nor used to any significant extent. [Cits.]" (Emphasis supplied.) In focusing on appellants' awareness of the truck's status as a "demonstrator" and its odometer reading of 5,979 miles, the majority has disregarded lack of damage as an integral part of the "intrinsic quality" of being a "new" vehicle. Instead, the majority concludes that given their knowledge of the mileage recorded and the demonstrator status, appellants, as a matter of law, knew the potential for the truck having been damaged and, implicitly, that they should have had a reasonable expectation that it had been damaged. In *Paces Ferry Dodge v. Thomas*, 174 Ga. App. 642 (331 SE2d 4) (1985), this court upheld a judgment based upon a jury verdict that a car dealership had committed an unfair or deceptive act by representing as new a vehicle that had a broken rear end alignment pin. Because I believe the question of whether the vehicle is "new" is one of fact and, consequently, should have been submitted to the jury (see *Century Dodge v. Mobley*, 155 Ga. App. 712, 713 (272 SE2d 502) (1980)), I dissent from the majority's affirmance of the trial court's actions.

I am authorized to state that Judge Pope joins in this dissent.

DECIDED JULY 14, 1987 —
REHEARING DENIED JULY 30, 1987 —

*E. Christopher Harvey, Jr., Alan C. Harvey*, for appellants.
*Albert B. Wallace*, for appellee.