*J. Tracey Ward*, for appellees.

A89A1501, A89A1516. CHRYSLER MOTORS CORPORATION
et al. v. MORGAN; and vice versa.
(389 SE2d 545)

DEEN, Presiding Judge.

Morgan, appellee/cross-appellant, purchased a new automobile from appellants/cross-appellees, Chrysler Motors Corporation and Ringgold Chrysler-Plymouth & Dodge, Inc. Upon discovering that prior to his purchase of the automobile it had been driven with the odometer disconnected as part of appellants' "Plant Overnight Quality Evaluation Program" (OEP), Morgan sued appellants for breach of contract and fraud, seeking actual and punitive damages. The trial court denied appellants' motion for summary judgment on the breach of contract and fraud claims, but granted the motion on the punitive damages claim. The main appeal (Case No. A89A1501) follows our grant of an application for interlocutory review of the partial denial of appellants' motion for summary judgment. The cross-appeal is from the partial grant of the motion.

In this case, before delivery of the motor vehicle to the dealer, Chrysler disconnected the odometer and test drove the car at one of its assembly plants for the purpose of detecting and correcting any defects in its product. Morgan, who purchased the car on October 21, 1986, was notified by Chrysler in July 1987 that the vehicle he purchased may have been so tested. Morgan immediately demanded rescission of the sales contract, return of the purchase price, and acceptance of the return of the vehicle; he commenced this action when Chrysler declined to do so. In his complaint, Morgan charged that "the 'new' automobile which he purchased was not, in fact, new and had been driven an unknown but substantial number of miles" pursuant to Chrysler's quality evaluation program.

OCGA § 40-8-5 (d) provides that "the disconnection of the odometer used for registering the mileage or use of new motor vehicles being tested by the manufacturer prior to delivery to a franchised dealer" is lawful. OCGA § 40-8-5 is designed to protect consumers against fraud in its general prohibition against odometer tampering. One legal effect of Subsection (d) is that a manufacturer's disconnection of a new vehicle's odometer and testing of that vehicle does not alter the status of that vehicle. It is still a new vehicle.

Since under OCGA § 40-8-5 (d) the car purchased by Morgan was still a new car, his fraud and breach of contract claims asserting that Chrysler and the dealer had falsely represented and sold the vehicle as a new vehicle must fail as a matter of law. Chrysler and the dealer

were thus entitled to complete summary judgment.

*Judgment in Case No. A89A1501 reversed; judgment in Case No. A89A1516 affirmed. Carley, C. J., Banke, P. J., Birdsong, Sognier and Beasley, JJ., concur. McMurray, P. J., Pope and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.

The majority concludes that the legal effect of OCGA § 40-8-5 (d) is that the manufacturer's testing of a new vehicle with the odometer disconnected does not alter the vehicle's status as a new vehicle, and that therefore appellee's fraud and breach of contract claims must fail as a matter of law. Because I am of the opinion that the question of whether appellee's car is still a new car after the manufacturer's testing is a question of fact, I must dissent.

It is undisputed that appellee's automobile was tested as part of appellants' OEP, which allows designated Chrysler employees to drive randomly selected vehicles from work to their homes and return them the following work day. Although there is evidence in the record that OEP vehicles are driven an average of 40 miles, there is nothing in the record to indicate how many miles appellee's automobile was driven before he purchased it. In *Horne v. Claude Ray Ford Sales*, 162 Ga. App. 329 (1) (290 SE2d 497) (1982), we noted that "an intrinsic quality of a car sold as new [is] that it has neither been damaged nor used to any significant extent." Moreover, we held in *Century Dodge v. Mobley*, 155 Ga. App. 712 (2) (272 SE2d 502) (1980), that the question of whether a car is new is one of fact and must be submitted to the jury. Therefore, I cannot agree that appellee's claims fail as a matter of law.

I agree with the majority's assertion that OCGA § 40-8-5 is designed to protect the consumer against fraud. However, the statute is silent on whether the seller of a new vehicle must disclose to the consumer that the vehicle has been driven an unknown number of miles with the odometer disconnected, and it is exactly this nondisclosure that forms the basis for the fraud count of appellee's complaint. Since appellee's action, which relates to his rights as a consumer and appellants' obligations as sellers of new cars, is one for which no remedy is provided in OCGA § 40-8-5, the action is not precluded by that statute. See *First Ga. Bank v. Webster*, 168 Ga. App. 307 (1) (308 SE2d 579) (1983).

Because I believe the trial court properly allowed the fraud question to go to the jury, I would reverse that part of the trial court's order granting summary judgment to appellants on the punitive damages issue and allowing damages under OCGA § 40-8-5 (g). See *Champion v. Martin*, 124 Ga. App. 275 (2) (183 SE2d 571) (1971).

I am authorized to state that Presiding Judge McMurray and

Judge Pope join in this dissent.

DECIDED DECEMBER 4, 1989 —
REHEARING DENIED DECEMBER 19, 1989 — 

*Fleissner, Cooper, Marcus & Steger, Christopher H. Steger*, for appellants.
*James A. Meaney III, Clifton M. Patty, Jr.*, for appellee.
*Word & Flinn, T. Michael Flinn*, amicus curiae.