## A91A1635. HARTLEY v. GAGO et al.
(415 SE2d 510)

SOGNIER, Chief Judge.

Dr. Selwyn Hartley brought suit against a stockbroker, Lucian Gago; a brokerage firm, Hereth, Orr & Jones (HOJ); Energy Development Corporation (EDC); Bill Taylor, an EDC employee, and two other EDC employees or principals, alleging fraud and deceit and a conspiracy to defraud in connection with an investment Hartley made in EDC that was recommended to him by Gago while Gago was employed by HOJ. Appellant sought the return of his investment. At trial, at the close of Hartley's evidence Gago and Taylor moved for a directed verdict and the trial court took the motion under advisement. After a jury rendered a verdict in favor of Hartley against all defendants in varying amounts, Gago and Taylor moved for judgment n.o.v. The trial court subsequently granted Gago and Taylor's motions for directed verdict and j.n.o.v. and judgment was entered against the other defendants. Hartley appeals.

The evidence adduced at trial showed that appellant, an experienced investor, had been investing for approximately ten years when he became acquainted with Gago, who was an HOJ broker at the time, and in fall 1982, appellant asked Gago to research investments with greater potential tax writeoffs. Gago informed appellant of an investment that involved purchasing from EDC energy saving equipment qualifying for tax benefits and placing it in various locations, such as motels, under lease agreements. Appellant decided to invest after discussing the proposal in more detail with his attorney, Gago, and Taylor, who was an authorized representative of EDC, and in late December 1982 tendered his check.

Appellant testified that although he made no inquiries regarding whether the equipment had been purchased or installed, in early 1983 he became concerned because he had received no bill of sale or insurance certificate, and he contacted Gago to see whether the equipment had actually been installed. Appellant further testified that over the next five months Gago, although he was no longer employed by HOJ,

continued to act as an intermediary between appellant and EDC regarding the investment, making inquiries and passing on information. Appellant testified that he had suspicions in 1983 about the investment and became convinced in 1984 that it was fraudulent. Nevertheless, he filed tax returns seeking the full tax benefit over the life of the investment, and these benefits were allowed by the Internal Revenue Service after audit.

1. In two enumerations, appellant contends the trial court erred by granting appellees' motion for a directed verdict and j.n.o.v. Although the trial court granted appellees' motions on three grounds we need address only the first, that appellant's claim was barred by the statute of limitation, as it is dispositive.

OCGA § 9-3-31 provides that actions for injuries to personalty must be brought within four years after the right of action accrues. This statute applies to actions based on fraud. *Shapiro v. Southern Can Co.*, 185 Ga. App. 677-678 (365 SE2d 518) (1988). The issue in the case sub judice, however, is when the statute of limitation began running.

Where actual fraud is the gravamen of an action, "the statute of limitations is tolled until the fraud is discovered or by reasonable diligence should have been discovered." *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244) (1980). Although appellant, citing *Brown v. Brown*, 209 Ga. 620 (75 SE2d 13) (1953), maintains that because there are fact questions regarding fraud and the excuses for delay in discovering it, the question was properly for the jury, we note that in cases involving undisputed facts, this question becomes one of law to be decided by the court. *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 596 (2) (327 SE2d 736) (1985).

It is uncontroverted that this action, begun in August 1987, was filed more than four years after appellant made the investment. Appellant admitted that he began to suspect fraud in January or February of 1983 when he did not receive bills of sale for the equipment, and further acknowledged that he made no inquiries of EDC or the motels proposed as installation sites but communicated only with Gago despite the fact that he had contracted with EDC. Our review of the evidence in this case reveals that appellant and appellees agree as to the sequence of events regarding the transaction, and we conclude that the facts were not in dispute.[1]

Since we agree with the trial court's finding that the facts necessary to determine when the statute of limitation began running were

---

[1] Although at trial Taylor denied signing a letter to appellant dated March 1983 stating that the equipment had been installed by the end of December 1982 and appellant's return on the investment would be forthcoming, the March letter is not material given appellant's suspicion of fraud in January.

not in dispute, it follows that only the legal conclusions to be drawn from those facts remained. Such determinations are properly for the court and not the jury. *Curlee*, supra. " '[I]n the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. [Cits.]' [Cit.] There was no confidential relationship between [appellant] and [appellees] which would preclude the exercise of ordinary diligence on the part of [appellant]." *United Fed. Savings &c. Assn. v. Eubank*, 180 Ga. App. 402, 403 (349 SE2d 268) (1986). We find that the undisputed evidence supports the trial court's determination that appellant either knew or with the exercise of ordinary diligence should have known of any fraud in early 1983.

"If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." OCGA § 9-11-50 (a). Based on the undisputed facts and the reasonable inferences therefrom, the trial court concluded that more than four years elapsed between the time appellant discovered or should have discovered the fraud and the time appellant filed this action. As appellant's action was barred by the statute of limitation, the trial court correctly directed a verdict in favor of appellees. See generally *Henderson v. Martin Burks Chevrolet*, 183 Ga. App. 868, 870 (2) (360 SE2d 430) (1987).

2. The remaining bases for the trial court's ruling granting j.n.o.v. as well as appellant's remaining enumeration of error are rendered moot by our holding in Division 1.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 11, 1992.

*McNeese & Associates, Lynn S. McNeese*, for appellant.
*Dailey & Groover, Lewis M. Groover, Jr., Bruce S. Harvey*, for appellees.
Robert E. Carroll, *pro se.*
Marjori E. Carroll, *pro se.*