William G. **HARRIS**, et al., Plaintiffs,

v.

The **FORD MOTOR COMPANY**, **INC.**, et al., Defendants.

Civ. A. No. 92–D–1053–E.

United States District Court, M.D. Alabama, E.D.

Feb. 18, 1994.

**1512**

Donald M. Phillips, Lanett, AL and Michael D. Cook, Valley, AL, for plaintiffs.

Kenneth Lee Cleveland, Birmingham, AL and Simeon F. Penton, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

De MENT, District Judge.

This matter is now before the court on defendants Ford Motor Company ("Ford") and Quality Motors, Inc.'s ("Quality") motions for summary judgment, filed August 25, 1993, and December 29, 1993, respectively. Plaintiffs responded to Ford's motion on October 12, 1993, and Ford filed a reply brief on October 26, 1993. Plaintiffs responded to defendant Quality's motion on January 18, 1994, and then supplemented their response on February 8, 1994. Quality supplemented its brief on January 28, 1994. After careful consideration of the parties' briefs, the court finds that the defendants' motions for summary judgment are due to be granted for the reasons set forth below.[1]

### Facts

On or about July 27, 1990, the plaintiffs purchased a 1989 Ford F350 truck from the defendant Quality Motors, Inc., in Columbus, Georgia. The truck was represented to the plaintiffs as being "new." At the time of the sale, plaintiffs were provided a written document entitled "New Car Warranty", which had been placed in the glove compartment of the vehicle. Several months after the purchase, the right rear fender on the truck began to discolor. It was subsequently discovered by the plaintiffs that the vehicle's fender had been scratched in transit from the manufacturer, Ford, to the dealership, Quality. Upon the vehicle's arrival, Quality repaired the scratched fender and repainted the vehicle. The total cost of the repair was approximately eighty-six dollars. The defendants never informed the plaintiffs of the damage or the repair. Plaintiffs have brought suit against Quality and Ford for breach of warranty and fraud. The sole basis for the plaintiffs' claims was that the

defendants represented to the plaintiffs that the vehicle they purchased was a "new" car when, in fact, it was not.

### Summary Judgment Standard

Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In further elaboration on the summary judgment standard, the Court has said that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (citations omitted). Summary judgment is improper "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. *See Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989). The court is to construe the evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v.*

---

1. Both parties have agreed and the court finds that Georgia law is applicable to this case. The events regarding the contract made the subject of this action and the alleged misrepresentations all

occurred in Georgia. Accordingly, pursuant to Alabama's conflict of law rules, the action is governed by Georgia law.

*S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

### Discussion

The plaintiffs have alleged several claims against the defendants. One claim is for breach of warranty, both expressed and implied. The other claims are in fraud for both fraudulently suppressing the fact that the vehicle had been damaged and repaired, and for fraudulently misrepresenting the vehicle as "new." Since both motions for summary judgment involve the same decisive issues of law, the motions will be considered simultaneously.

### A. Breach of Warranty

■ Plaintiffs contend that the description of the vehicle as "new" was an express warranty which was breached by the fact that the car had been damaged and repaired prior to its purchase. The evidence demonstrates that, at the time of the sale of the vehicle, the defendants provided the plaintiffs with a document entitled "New Car Warranty." The warranty read as follows:

A defect or damage may occur in an appearance item while a vehicle is being assembled at the factory or shipped to the dealer. Usually such a defect or damage is found and repaired during the inspection processes at the factory and the dealership.

Defendants assert that this language, as part of the "New Car Warranty", makes clear that the vehicle may have been damaged and repaired and thus there was no breach of warranty. Plaintiffs contend that this is not a valid disclaimer and should not be considered by the court. They argue that a disclaimer cannot be used to justify or negate a misrepresentation in a contract of sale which described a vehicle as "new," but which was in fact a damaged and repaired vehicle. *Bill Spreen Toyota, Inc. v. Jenquin,* 163 Ga.App. 855, 294 S.E.2d 533 (1982); *Century Dodge, Inc. v. Mobley,* 155 Ga.App. 712, 272 S.E.2d 502 (1980). The cases relied upon by the plaintiff stand for the proposition that "it is unreasonable to allow an express warranty contained in a contract (the description as "new") to be negated by a disclaimer of warranty in the same contract, for the two provisions are not consistent with each other." *Mobley,* 272 S.E.2d at 504.

■ However, the plaintiffs assume that the language found in the "New Car Warranty" is a disclaimer. This language is not a disclaimer, but a limitation of an express "new" car warranty. In *General Motors Corporation v. Green,* 173 Ga.App. 188, 325 S.E.2d 794 (1984), the court found that "the express and unambiguous language of … [the] 'New Car Warranty' constitutes a reasonable and noncontradictory limitation" on the warranty that the car is "new." *Green,* 325 S.E.2d at 796.

The facts in *Green* are similar to this action. Green purchased a vehicle which was manufactured by General Motors. At the time of the sale, it was represented to Green that the car was "new." He was then provided with a document entitled "New Car Warranty." The warranty contained the following language:

Defects or damage to sheet metal, paint, trim or other appearance items may occur at the factory during assembly…. Normally, any factory defect or damage is detected and corrected at the factory during the inspection process. In addition, Cadillac dealers are obligated to inspect each car before delivery. They repair any uncorrected factory defects or damage … which they detect before the car is delivered to you.

Subsequently, Green experienced problems with his vehicle. It was discovered that the problems were the result of damage that had occurred to the vehicle at the factory and had been repaired. Green sued General Motors for breach of warranty and fraud. The case was submitted to a jury which found in favor of Green. The Georgia Court of Appeals reversed. The court reasoned that the express warranty that describe the car as "new" must be read along with the additional language in considering the overall scope and effect of the "New Car Warranty." "All parts of a warranty must be construed together and reconciled if possible." *Id.* at 795. The court held:

The instant case involves the issue of limitation of an express "new" car warranty,

not the negation of any warranty by disclaimer. There is nothing unreasonable or inconsistent in an affirmation, promise or description by a manufacturer that its vehicle is "new" and its recognition that, even so, the vehicle might contain factory-damage and/or factory-repairs.

*Id.*

The plaintiffs attempt to distinguish *Green* by asserting that the case only applies to repairs made at the factory, not at the dealership and thus *Green* is a very narrow holding. The court, however, does not share this view. The facts in *Green* are almost identical to this action with the only exception being that the repairs to the vehicle occurred at the dealership. The representations that the vehicle purchased by the plaintiffs was "new" and the language in the "New Car Warranty" must be construed together. In applying *Green,* there is nothing unreasonable or inconsistent in a representation or a description by a manufacturer or a dealership that its vehicle is "new" and its recognition that, even so, the vehicle might have been damaged and repaired at the manufacturer or dealership. Accordingly, the court finds that the plaintiffs' breach of an express warranty claim must fail. The description of the plaintiffs' vehicle as "new" when construed together with the language in the "New Car Warranty" is not unreasonable or inconsistent, and, therefore, no breach of warranty could have occurred.

■ The plaintiff has also asserted that the disclaimer should not apply because the warranty booklet containing the disclaimer was delivered to the plaintiff "long after they had purchased the vehicle and thus was not a part of the 'basis of the bargain.'" [Pl.'s Br. in Opp. to Quality's Mot. for Sum.Jud. at 2]. They argue that the disclaimer must have been delivered to them prior to the time they obligated themselves to purchase the vehicle. The evidence demonstrates that, at the time William Harris purchased the vehicle, the "New Car Warranty" was in the glove compartment of the truck, and that the plaintiff was aware of its presence. [Dep. of William Harris at p. 41–47]. Based upon this testimony, the court finds that the warranty was delivered to the plaintiff at the time of the sale and was part of the "basis of the bargain."

■ Though it is unclear, plaintiffs also seem to argue that there was an implied warranty of merchantability which was breached by the defendants. The defendants presented to the court a copy of the Bill of Sale given to the plaintiffs. This document contains a disclaimer of warranty. The disclaimer is printed in bold capital letters and clearly states that the defendants disclaim all warranties "including any implied warranty of merchantability or fitness for a particular purpose." The court finds that the disclaimer is conspicuous and thus binding on the plaintiffs. Accordingly, plaintiffs' claim for breach of an implied warranty must fail. *See Century Dodge, Inc. v. Mobley,* 155 Ga.App. 712, 272 S.E.2d 502 (1980); *Attaway v. Tom's Auto Sales,* 144 Ga.App. 813, 242 S.E.2d 740 (1978); *Harison–Gulley Chevrolet v. Carr,* 134 Ga.App. 449, 214 S.E.2d 712 (1975).

### B.  Fraud

■ Plaintiffs contend that the defendants committed fraud when they both fraudulently suppressed the fact that the vehicle had been damaged and repaired, and fraudulently misrepresented that the truck was "new." Again, *Green* is controlling. The court in *Green* reversed a judgment based on fraud stating as follows:

> Fraud may be consummated by signs or tricks, acts or silence, concealment when there is a duty to disclose, or by any other unfair way used to cheat another. The possible existence of factory-damage and factory-repairs was expressly disclosed, not concealed, in the sales agreement signed by appellee, and the evidence demonstrates no actionable false misrepresentation by appellee that the automobile was "new."

*Green,* 325 S.E.2d at 796. (citations omitted). The same reasoning applies to this instant action. The court finds that the defendants expressly disclosed, not concealed, the possibility that the vehicle may have been damaged and repaired at the dealership through the language in the "New Car Warranty." Therefore, the evidence demon-

strates that there is no actionable claim for false misrepresentation or for fraudulent suppression.[2]

Accordingly, it is CONSIDERED and ORDERED that defendant Ford Motor Company's motion for summary judgment be and the same is hereby GRANTED.

Further, it is CONSIDERED and ORDERED that defendant Quality Motors, Inc.'s motion for summary judgment be and the same is hereby GRANTED.

---

2. Having found that the breach of warranty and fraud counts are not actionable under the facts presented, the court need not address whether Quality Motors, Inc., as member of Ford's Dealer Development Program, was an agent of Ford Motor Company.